# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2845

_____

United States of America

*Plaintiff - Appellee*

v.

Manuel Maldonado Aguilar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 8, 2014
Filed: May 29, 2014

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Manuel Maldonado Aguilar appealed his conviction, challenging, among other things, the presence of an alternate juror during deliberations. This court remanded "for the limited purpose of inquiry about the alternate's actual participation." In light of the district court's factual findings, this court reverses and remands.

"[T]he alternate's presence during deliberations violated Federal Rule of Criminal Procedure 24(c)(3)." *United States v. Aguilar*, 743 F.3d 1144, 1148 (8th Cir. 2014), *citing* **United States v. Olano**, 507 U.S. 725, 737 (1993) ("The presence of alternate jurors during jury deliberations is no doubt a deviation from Rule 24(c)."). Because Maldonado did not object at trial, this court reviews for plain error. *Id.*, *citing* **Fed. R. Crim. P. 52**. "Maldonado bears the burden to show that the error was prejudicial." *Id.* at 1149, *citing* **Olano**, 507 U.S. at 737-38.

In the earlier opinion, this court held that "a defendant is prejudiced when an alternate 'actually participate[s] in the deliberations' or 'exert[s] a 'chilling' effect on the regular jurors.'" *Id.*, *quoting* **Olano**, 507 U.S. at 739. This court remanded for factual findings whether the alternate actually participated in deliberations or was merely present. *Id.* at 1150-51.

After 10 jurors and the alternate testified, the district court found:

The alternate juror participated in the deliberations. Although it appears that her participation was minimal, it is clear that she asked questions. As the testimony outlined below indicates, different jurors remember her participation differently. The most reliable person on this question is the alternate juror herself, who testified that she asked questions but did not indicate her views on whether the defendant was guilty or not guilty.

The alternate did not participate in any votes. Here, again, the most reliable testimony is that of the alternate, who testified that she did not vote. Although two jurors testified that they believe the alternate voted, neither of these jurors was certain. All other jurors testified that the alternate did not vote.

The alternate did not indicate her views regarding the defendant. It appears that the jury was divided between eight to nine jurors who believed the defendant was guilty and three to four jurors who initially believed he was not guilty. The alternate testified that she asked

-2-

questions but never indicated her views regarding the defendant's guilt. Although two jurors believe the alternate expressed her views because they remember everyone doing so, they do not remember what the alternate may have said. The other jurors either agree with the alternate's testimony that she did not express her views, or they do not remember whether she did so.

Finally, the alternate's presence did not restrain the regular jurors from expressing their views or exercising independent thought. The jury was split at first, and each juror expressed her views before the votes were taken. The alternate did not participate in the discussions between these votes. Moreover, every juror testified that nothing the alternate said or did affected their points of view or the outcome of the case.

*United States v. Maldonado*, No. 4:11CR00190-03 BSM, 2014 WL 1744865, at *1 (E.D. Ark. May 1, 2014).

Because the alternate actually participated in deliberations, the error was prejudicial.

* * * * * * *

The judgment is reversed, and the case remanded for proceedings consistent with this opinion.

_____